UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY TERRELL HOWARD,           )
                                )
        Plaintiff,               )
                                )
v.                              )    No. 4:17-CV-2579 RLW
                                )
CHRISTOPHER MILLER,             )
                                )
        Defendant.               )

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $13.30, which is twenty percent of his average monthly deposits. *See* 28 U.S.C. § 1915(b). Furthermore, based upon a review of the complaint, the Court will dismiss this action without prejudice.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, a former prisoner at Eastern Regional Diagnostic Correctional Center ("ERDCC"), brings this action against defendant Christopher Miller, a Corrections Officer, alleging that defendant was hostile and used profanity toward plaintiff. Plaintiff states that he switched housing units, and asked defendant about his laundry from his prior housing unit. Plaintiff alleges defendant "said with a very loud tone of voice, 'I ain't giving you shit, now go to your room and lock down!'" Plaintiff states this hostility has caused him to be cautious of every corrections officer, has caused emotional disturbance, fear of other officers, and has increased his stress levels so much that he cannot get the proper rest. For relief, plaintiff seeks $15,000.00.

**Discussion**

The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Eighth Circuit reads this section as limiting recovery for mental or emotional injury in all federal actions brought by prisoners. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *see also Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("The District Court correctly stated the general proposition that in the usual case mere words, without more, do not invade a federally protected right.").

2

Here, plaintiff has not alleged any physical injury arising out of defendant's conduct, and thus his action for mental and emotional injury is precluded by the PLRA. *See* 42 U.S.C. § 1997e(e). Additionally, the Court cannot find that defendant's hostile words rise to the level of a federal action under 42 U.S.C. § 1983. Defendant yelled at plaintiff, using a profanity. Although plaintiff suffered emotional damage, mere words do not invade plaintiff's federally protected rights. Plaintiff was not threatened with physical injury, and nothing about the context of the remarks suggests defendant's conduct was "especially blameworthy." *See Burton*, 791 F.2d at 99. For these reasons, the Court will dismiss plaintiff's action under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $13.30 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

3

An Order of Dismissal will accompany this Memorandum and Order.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2017.